# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TRANSPORTATION ALLIANCE
BANK, INC. d/b/a TAB BANK,**

     **Plaintiff,**

**v.**              **Case No:  6:19-cv-53-Orl-31GJK**

**SKY LIMITS INC. and ANTWON
TRICE,**

     **Defendants.**

_____

## REPORT AND RECOMMENDATIONS

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS ANTWON TRICE AND SKY LIMITS INC. (Doc. No. 23)** |
| **FILED:** | **April 15, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

## I. BACKGROUND.

On January 9, 2019, Plaintiff filed a Complaint for breach of a promissory note, breach of a commercial guaranty, and foreclosure of security interest based on a commercial loan provided to Defendant Sky Limits Inc. ("Sky Limits") that was guaranteed by Defendant Antwon Trice ("Trice"). [1]  Doc. No. 1.  Redacted copies of the subject Promissory Note (Doc. No. 9-2), Business

---

[1] Plaintiff alleges that while the loan documents reflect that they are between Sky Limit, Inc. and Plaintiff, the state corporate registration reflects that the company name is Sky Limits, Inc. and all the other identifying information indicates that Sky Limits, Inc. is the correct name of the entity.  Doc. No. 1 at 1-2.

Loan Agreement (the "Loan Agreement") (Doc. No. 9-3),  Commercial Security Agreement (the "Security Agreement") (Doc. No. 9-4), Corporate Resolution to Borrow/Grant Collateral (Doc. No. 9-5), Commercial Guaranty (the "Guaranty") (Doc. No. 9-6), and a demand letter delivered to Defendants upon default (Doc. No. 9-7) were filed in support of the Complaint.  Doc. No. 9.

Plaintiff alleges Defendants are in default because Sky Limits failed to pay the monthly installments due in connection with the loan beginning with the payment due on July 25, 2018, and every monthly installment due thereafter.  Doc. No. 1 at 8.  Plaintiff alleges it notified Defendants of the default and that it had exercised its option to accelerate the total debt owed. Doc. No. 1 at 8.  Neither Sky Limits nor Trice paid the amounts due as demanded.  Doc. No. 1 at 8.  In its Complaint, Plaintiff alleges that Defendants owe $72,158.41 in principal, $3,165.25 in interest, and $266.18 in late fees as of September 18, 2018.  Doc. No. 1 at 8.

Plaintiff alleges:  Plaintiff is a Utah corporation, Sky Limits is a Florida corporation with its principal place of business in Brevard County, Florida, and Trice is a citizen of and resides in Brevard County, Florida.  Doc. No. 1 at 1-2.  Trice is the President, Treasurer and Director of Sky Limits.  Doc. No. 1 at 2.

On January 25, 2019, Trice was served.  Doc. No. 15-1.  On February 19, 2019, Sky Limits was served via Trice, who is Sky Limits' registered agent.  Doc. No. 16-1.   A return of service was filed for each Defendant on February 28, 2019.  Doc. Nos. 15 and 16.  On March 14, 2019, Plaintiff filed a motion for entry of clerk's default against the Defendants.  Doc. No. 17.  A Clerk's default was entered on March 15, 2019.  Doc. Nos. 18 and 19.

On April 15, 2019, Plaintiff filed a Motion for Entry of Default Judgment Against Defendants Antwon Trice and Sky Limits Inc. (the "Motion").  Doc. No. 23.  Plaintiff seeks judgment for the damages alleged in its Complaint.  Doc. No. 23 at 4.  The current amounts claimed

to be due and owing are $72,158.41 in principal, $13,118.09 in interest under the loan, and $266.18 in late fees, for a total of $85,542.68.  Doc. No. 23 at 6.  Plaintiff provides the affidavit of David Law, a Vice President of Plaintiff, to authenticate the documents and support Plaintiff's underlying claim and damages.  Doc. No. 23 at 17-48.

## II.    APPLICABLE LAW.

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default.  Fed. R. Civ. P. 55(a).  The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court.  Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered.  *Nishimatsu Construction v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact, and bars the defendant from contesting those facts on appeal.  *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (*citing Nishimatsu*, 515 F.2d at 1206).

Federal Rule of Civil Procedure Rule 55(b)(2) provides the Court with the authority to enter a default judgment.  "As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits."  *Directv, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1129 (M.D. Ala. 2004) (citing *Directv, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003)).

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

III.     ANALYSIS.

    A.     <u>Jurisdiction</u>

Plaintiff alleges that the Court has diversity jurisdiction over this case.  Doc. No. 1 at 2.  A federal court has diversity jurisdiction over civil actions where there is complete diversity of citizenship among the opposing parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).

Plaintiff is a Utah corporation with its principal place of business in Utah.  Doc. No. 1 at 1.  Sky Limits is a Florida corporation with its principal place of business in Florida.  Doc. No. 1 at 1. Trice is a citizen of Florida and resides in Florida. Doc. No. 1 at 1-2.  Therefore, there is complete diversity between Plaintiff and Defendants.   Plaintiff seeks more than $75,000 in damages, including interest related to the Loan Agreement.  Doc. No. 1 at  2, 8.  Thus, the amount in controversy exceeds $75,000 exclusive of interests and costs.  *See Mullican v. TSB Fin. Servs.*, No. 6:06-cv-1209, 2006 U.S. Dist. LEXIS 75460, at *6 (M.D. Fla. Oct. 16, 2006) (interest, when integral to the contract, can be used to meet the amount in controversy requirement).  The Court has subject matter jurisdiction over this case, and the Court has personal jurisdiction over Defendants who are citizens of Florida.

    B.     <u>Breach of Promissory Note and Guaranty</u>

The Promissory Note, Loan Agreement, and Guaranty all have a choice of law provision stating that the instruments shall be governed by applicable federal law and, to the extent not preempted by federal law, the laws of the State of Utah.  Doc. No. 23 at 23, 28, 35, 40-41.  A party asserting a claim for breach of contract under Utah law must establish:  "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."  *Am. W. Bank Members, LC v. State*, 342 P.3d 224, 230 (Ut. 2014); *see Beesley v.*

*Hansen*, No. 2:17-cv-889, 2019 U.S. Dist. LEXIS 63417, at *2 (Dist. Ut. Apr. 10, 2019).  A breach or default of the principal agreement constitutes breach or default of a related guaranty and may give rise to a cause of action against the guarantor.  *First Nat'l Bank of Ogden v. Taylor*, 114 P. 529, 530 (1911).  An absolute guaranty, one by which the guarantor has promised to perform if the debtor does not without condition or limitation, does not require the guaranteed party to "fix its losses by pursuing its remedies against the debtor or the security before proceeding directly against the guarantor."  *Valley Bank & Trust Co. v. Rite Way Concrete Forming*, 742 P.2d 105, 108 (Ut. Ct. App. 1987) (quoting *Strevell-Paterson Co. v. Francis*, 646 P.2d 741, 743 (Ut. 1982)).

The well-pleaded allegations of Plaintiff's Complaint establish that Sky Limits and Plaintiff entered into a valid Loan Agreement and Promissory Note, Plaintiff performed under the Loan Agreement, Sky Limits failed to make payments under the Loan Agreement, the loan was accelerated with notice to Sky Limits, and Sky Limits thereafter failed to pay sums due and owing according to the terms of the Agreement.  Doc. No. 1.  The well-pleaded allegations of Plaintiff's Complaint also establish that Trice executed an absolute Guaranty with respect to the Loan Agreement, that Plaintiff is the owner and holder of the Guaranty, that Trice agreed to pay the sums due under the Loan Agreement, and that he has failed to do so according to the terms of the Guaranty.  Doc. No. 1.  These allegations provide a sufficient basis for the Court to enter a default judgment in favor of Plaintiff on its breach of promissory note and breach of guaranty claims.  *Am. W. Bank Members, LC*, 342 P.3d at 230; *Valley Bank & Trust Co.*, 742 P.2d at 108.

C.     Damages

Plaintiff seeks a default judgment totaling $85,542.68.  Doc. No. 23 at 6.  In its Complaint, Plaintiff alleges $72,158.41 in principal, $3,165.25 in interest, and $266.18 in late fees owed to Plaintiff for amounts due and owing under the Loan Agreement and secured by the Guaranty.  Doc.

No. 1 at 8.  These allegations are taken as true for purposes of default judgment.  *Buchanan*, 820 F.2d at 361 (*citing Nishimatsu*, 515 F.2d at 1206).

Mr. Law's affidavit confirms the accuracy of the damages alleged in the Complaint.  Doc. No. 23 at 17-48.   He states that Defendants have failed to pay any of the amounts alleged in Plaintiff's Complaint.  Doc. No. 23 at 20.  He also states that interest on the principal amount has continued to accrue, resulting in the current amount of interest of $13,118.09.  Doc. No. 23 at 20-21.  Thus, the Court may enter a default judgment awarding damages without a hearing based on the specific amounts alleged in the Complaint which are also confirmed in Mr. Law's affidavit. *Directv, Inc.*, 318 F. Supp. 2d at 1129 (citing *Directv, Inc.*, 290 F. Supp. 2d at 1343).  Based on the foregoing, it is recommended that a default judgment be entered in favor of Plaintiff for the amounts alleged totaling $85,542.68.

D.    Foreclosure of Security Agreement

Plaintiff seeks a foreclose judgment against Defendants so that it may sell the collateral identified in the Security Agreement.  Doc. No. 1 at 11-12.  Mr. Law's affidavit indicates that Plaintiff perfected its security interest by filing a UCC-1 Financing Statement.[3]  Doc. No. 23 at 11, 19, 47.   Plaintiff seeks the following relief in its Motion with respect to the collateral in the Security Agreement:  1) recognizing Plaintiff's security interests in the Collateral as defined in the

---

[3] The UCC-1 Financing Statement offers the following description of the collateral:

> All goods, inventory, accounts, accounts receivable, deposit accounts, certificates of deposit, chattel paper, documents, instruments, contract rights, general intangibles, investment property, securities entitlements, equipment, including but not limited to, a 2000 Kenworth W900L Tractor (VIN 1XKWDB9X6YR841908), fixtures and other property, wherever located, now or hereafter belonging to Debtor or in which Debtor has any interest, and in all proceeds, insurance proceeds, substitutions, replacement parts (including spare parts), additions and accessions of and/or to all of the foregoing including without limitation the item(s listed on any attachment(s) hereto.

Doc. No. 23 at 47.  The UCC-1 Financing Statement was not referenced in, nor appended to the Complaint.

Security Agreement and Plaintiff's rights and remedies in connection therewith as provided for under the Security Agreement and the Loan Documents; and 2) reserving all rights, claims, and causes of action of Plaintiff related to the enforcement of Plaintiff's interest in the Collateral, as described in the Security Agreement.  Doc. No. 23 at 15.  Plaintiff offers no legal basis or support for its requests, nor offers the legal basis to foreclose on the collateral as currently identified in the Security Agreement.  Doc. No. 23 at 11.

Clearly, Plaintiff has a security interest in the items identified as collateral as reflected in both the Security Agreement and the UCC-1 filing.  However, the Court is at a loss as to how to fashion a judgment against such collateral when, with the exception of the 2000 Kenworth W900L tractor, it is only generally identified, i.e. "investment properties, securities entitlements, equipment . . . fixtures and other property . . . belonging to [Sky Limits] or in which [Sky Limits] has any interest . . . ."  With respect to the reservation of rights, Plaintiff does not discuss why it is entitled to such relief.  It is unclear what Plaintiff is seeking through the request for reservation of rights.  Furthermore, the Court cannot leave this case open indefinitely awaiting Plaintiff's more specific request for relief.  Thus, these requests for relief should be denied due to a lack of support and clarity.

E.    Attorney's Fees

Plaintiff argues that it is entitled to an award of attorney's fees, costs, and expenses in connection with bringing this action.  Doc. No. 23 at 14.  The Promissory Note, Loan Agreement, Security Agreement, and Guaranty all state that Plaintiff is entitled to recover its reasonable attorney's fees, costs, and expenses in connection with the enforcement of the financial instruments at issue.  Doc. No. 23 at 23, 27-28, 35, 40.  Thus, Plaintiff is entitled to an award of its reasonable attorney's fees, costs, and expenses in connection with bringing this case.

Plaintiff also seeks an award of attorney's fees, costs, and expenses in connection with enforcing the judgment obtained in this case. Doc. No. 23 at 14. Plaintiff provides no authority to support its request for such relief and any such request is premature. Consequently, this request should be denied.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 23) be **GRANTED in part and DENIED in part** as follows:

1.  A Final Default Judgment be entered against Defendant in favor of Plaintiff for $85,542.68, plus interest thereon from April 15, 2019 at a rate of $52.09 per diem;

2.  The Court find that Plaintiff is entitled to its reasonable attorney's fees, costs, and expenses incurred in bringing this case, and directing Plaintiff to file a motion quantifying those fees, costs, and expenses within 14 days of the Court's order on this report; and

3.  The Motion be otherwise **DENIED**.

## NOTICE TO PARTIES

**A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.**

**DONE** and **ORDERED** in Orlando, Florida, on May 29, 2019.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties