# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

TRANSPORTATION ALLIANCE
BANK, INC. d/b/a TAB BANK,

      **Plaintiff,**

v.                              Case No:   6:19-cv-53-Orl-31GJK

SKY LIMITS, INC. and ANTWON
TRICE, individually,

      **Defendants.**

## REPORT AND RECOMMENDATION[1]

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION TO ESTABLISH AMOUNT OF ATTORNEYS' FEES, COSTS, AND EXPENSES DUE TO TRANSPORTATION ALLIANCE BANK, INC. d/b/a TAB BANK (Doc. No. 42)** |
| **FILED:** | **September 11, 2019** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part.** | |

### I.    BACKGROUND.

On July 1, 2019, a Final Default Judgment was entered in favor of Plaintiff against Defendants. Doc. No. 32. The underlying action was a collection action on a defaulted

---

[1] Magistrate Judge Baker is substituting for Magistrate Judge Kelly.

promissory note, business loan agreement, commercial guaranty, and personal guaranty.  Doc. Nos. 1, 26, 30, 31.  The Court reserved jurisdiction to consider any timely requests by Plaintiff for reasonable attorney's fees.  Doc. No. 31 at 2.

On July 12, 2019, Plaintiff filed a Motion to Establish Amount of Attorneys' Fees, Costs and Expenses Due to Transportation Alliance Bank, Inc. d/b/a TAB Bank (the "Motion").  Doc. No. 33.  That Motion was denied by this Court because Plaintiff provided only redacted billing statements that precluded the assessment of the reasonableness of the hours expended by counsel.  Doc. No. 35.  Plaintiff was permitted to file an amended motion.  Doc. No. 35.  On September 11, 2019, Plaintiff filed a renewed Motion to Establish Amount of Attorneys' Fees, Costs, and Expenses (the "Renewed Motion") with an affidavit of counsel.  Doc. Nos. 42, 42-5.  Plaintiff attached unredacted billing statements as well.  Doc. No. 42-6.

**II.   ANALYSIS.**

A.   Attorney's Fees.

The Promissory Note, Business Loan Agreement, and Guaranty executed by Defendants provide that Defendants as borrowers and guarantor, respectively, will pay Plaintiff's legal expenses.  Doc. Nos. 42-1 at 2; 42-2 at 4 ("Borrower agrees to pay upon demand all of Lender's costs and expenses, including Lender's reasonable attorney's fees and Lender's legal expenses, incurred in connection with the enforcement of this Agreement"); 42-4 at 2 ("Guarantor agrees to pay upon demand all of Lender's costs and expenses, including Lender's reasonable attorney's fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty.").  Thus, Plaintiff's entitlement to attorney's fees is established through the contracts presented.  *Reighard v. Yates*, 285 P.3d 1168 (Ut. 2012) (attorney fees are generally recoverable in Utah when authorized by contract); *Hahnel v. Duchesne Land, LC*, 305 P.3d 208, 212 (Ut. 2013) ("If the legal

right to attorney fees is established by contract, Utah law clearly requires the court to apply the contractual attorney fee provision and to do so strictly in accordance with the contract's terms.") (citations omitted).[2]

Plaintiff requests that it be award a total of $16,332.50 in attorney's fees for bringing this action against Defendants.  Doc. No. 42 at 7.  In the Eleventh Circuit, the reasonableness of the attorneys' fees requested is generally determined using the familiar lodestar approach.  "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate."  *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable.  *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  In making such determinations, the Court is an expert on the issues of the prevailing market's reasonable hourly rates for similar work and hours expended.  *Id*.

Attorneys Manuel Farach, Mark J. Chaney III[3] and Daniel J. Halperin performed work in bringing this suit and obtaining a final default judgment.  *See* Doc. No. 42-6.  The chart below reflects the total amount of time each attorney spent and their requested hourly rates:

---

[2] The Promissory Note, Commercial Loan Agreement, and Guaranty all provide that Utah law governs.  Doc. Nos. 42-1 at 2; 42-2 at 5; 42-4 at 3.
[3] Mr. Chaney did not appear in this case.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Manuel Farach | 7.25 | $395 | $2,863.75 |
| Mark J. Chaney, III | 11.25 | $295 | $3,318.75 |
| Daniel J. Halperin | 36.25 | $280 | $10,150.00 |
| **Total** | 54.75 | | **$16,332.50** |

Doc. No. 42 at 7-8. Mr. Farach, a member of McGlinchy Stafford, is a 1985 graduate of Florida State University College of Law. Doc. No. 42 at 8. He is board certified in real estate, business litigation, and appellate law, and he is AV Rated. Doc. No. 42 at 8. Mr. Chaney graduated from law school in 2014. Doc. No. 42 at 8. He is licensed to practice law in Louisiana and is an associate in the commercial litigation department of McGlinchy Stafford's New Orleans office. *Id.* Mr. Halperin graduated from law school in 2018. *Id.* Mr. Halperin is an associate in the commercial litigation section of McGlinchey Stafford's Ft. Lauderdale office. *Id.*

Plaintiff contends that the rates charged by counsel fall well within the range charged by attorneys of similar experience and expertise in such cases in the Middle District. Plaintiff relies on *Ayers v. State Farm Mutual Automobile Insurance Co.*, No. 6:17-cv-1265, 2018 WL 375719, at *4 (M.D. Fla. Jan. 11, 2018) which Plaintiff cites for the holding that partner rates of $550 per hour and associate rates of $270 per hour were appropriate. Doc. No. 42 at 9. Unlike the associates in this case who are first and fifth year associates, the attorney in *Ayers* was a sixth year associate. 2018 WL 375719, at *2. In *Twin Rivers Engineering, Inc. v. Fieldpiece Instruments, Inc.*, 2017 WL 6624120, at *3, 5 (M.D. Fla. Dec. 28, 2017), also cited by Plaintiff, the court approved a $225 hourly rate for a first-year associate in an intellectual property case. In another intellectual property case cited by Plaintiff, the associate hourly rates actually awarded were $300 per hour for two associates that had seven to eight years of practice experience, and the less

experienced associate had also served a two-year clerkship for a district judge. *Island Stone Int'l Ltd. v. Island Stone India Private Ltd.*, No. 6:16-cv-656, 2017 WL 5608939, at *8 (M.D. Fla. Nov. 3, 2017).[4]

The breach of note and guaranty action was not novel. While the hours expended seem somewhat excessive, they are not outside the realm of reasonableness under the circumstances. Given the Court's experience regarding reasonable rates, the Court finds that Mr. Farach's hourly rate is reasonable as he is an experienced, triple board-certified litigator. Similarly, as a fifth year litigator, Mr. Chaney's rate is not outside the realm of reasonableness. However, the Court finds that an hourly rate of $280.00 is unreasonable for a first year associate in a routine commercial litigation matter and that $180.00 per hour is more appropriate. *See Bank v. McDonough*, No. 6:14-cv-860, 2014 U.S. Dist. LEXIS 180727, at *15-16 (M.D. Fla. Nov. 18, 2014) (finding that $230.00 would be an excessive hourly rate for a first year associate performing routine tasks); *see also St. Louis Condo. Ass'n v. Rockhill Ins. Co.*, No. 18-21365-Civ, 2019 U.S. Dist. LEXIS 177287, at *11-12 (S.D. Fla. Oct. 10, 2019) (rate of $285 per hour for a second year associate is excessive in South Florida legal market, rate reduced to $200 per hour, also finding that $167.14 was appropriate hourly rate for two first-year associates).

---

[4] Contrary to Plaintiff's assertion in the Renewed Motion, the court in *Island Stone* specifically rejected the higher hourly rate of $388 proposed for the more senior associate at Greenberg Traurig. 2017 WL 5608939, at *8 ("I further recommend, however, that the Court finds that the $388.00 hourly rate sought for Attorney LaGosh's work, all of which was performed in 2016, is not reasonable particularly in light of the hourly rate for Attorney Baker's work in 2016. Therefore, I recommend that the Court reduce the reasonable hourly rate for Attorney LaGosh's work to $300.00 per hour.").

Thus, the Court recommends an award of reasonable attorney's fees as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Manuel Farach | 7.25 | $395 | $2,863.75 |
| Mark J. Chaney III | 11.25 | $290 | $3,318.75 |
| Daniel J. Halperin | 36.25 | $180 | $6,525.00 |
| **Total** | **54.75** |  | **$12,707.50** |

B.   Costs

Generally, a prevailing party may tax costs pursuant to Rule 54(d), Federal Rules of Civil Procedure, and 28 U.S.C. § 1920. Rule 54(d) provides that the prevailing party in a lawsuit shall be entitled to recover costs from the opposing party as a matter of course unless the court otherwise directs. Section 1920 specifies which costs are recoverable, and provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under § 1923 of this title;
>
> (6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees expenses and costs of special interpretation services under § 1828 of this title.

*Id*. The court has limited discretion in awarding costs, and is permitted to tax only those items specified in § 1920, unless authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482

U.S. 437, 445 (1987). Costs for copying documents necessarily obtained for use in the case are taxable. 28 U.S.C. § 1920(4). Delivery, mailing, and postage charges are not taxable costs under § 1920. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996); *Pena v. RDI, LLC*, No. 8:17-cv-1404, 2019 U.S. Dist. LEXIS 114352, at *5-6 (M.D. Fla. Jul. 10, 2019). Costs for computer-assisted legal research are not recoverable. *Duckworth*, 97 F.3d at 1399.

The party seeking costs must provide sufficient detail and documentation regarding the requested costs so that the opposing party may challenge the costs and so the court may conduct a meaningful review of the costs. *Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000). Plaintiff seek the following costs: $16.33 in postage and delivery costs; computer research costs of $404.60; service costs of $195.00; filing fee of $400.00; and $1.00 in photocopying expenses for a total of $1,016.93. Doc. No. 42-5 at 3. Plaintiff makes no argument regarding entitlement to costs beyond those provided by section 1920. The Promissory Note and other relevant agreements provide that a borrower/guarantor will pay expenses associated with collection on the Note "subject to any limits under applicable law." Doc. No. 42-1 at 2. Based on the Court's review of the costs claimed, the Court finds that the costs claimed by Plaintiff are taxable pursuant to 28 U.S.C. § 1920, with the exception of the postage and legal research costs claimed by Plaintiff and recommends awarding costs in the amount of $596.00 to Plaintiff.[5]

### III.   CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Renewed Motion (Doc. No. 42) be **GRANTED in part** and **DENIED in part** as follows:

1.   The Court award Plaintiff **$12,707.50** in attorneys' fees against Defendants;

2.   The Court award Plaintiff **$596.00** in costs against Defendants; and

---

[5] The invoices upon which Plaintiff relies reflect that legal research costs were incurred, but at least one part of the invoice reflects that the client was not charged for the research. *See* Doc. No. 42-6 at 7.

3.  The Renewed Motion be otherwise **DENIED.**

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 12, 2019.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy